UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOEL DIAZ, JR.,

               Petitioner

       v.

MAGGIE MILLER-STOUT,

               Respondent.

NO. CV-05-0065-EFS

**ORDER DISMISSING MR. DIAZ'S PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**

**BEFORE THE COURT** is Petitioner Joel Diaz, Jr.'s Pro Se Petition For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Ct. Rec. 1), filed March 2, 2005.  The Court has reviewed the petition and record and is fully informed. For the reasons set out below, the Court finds an evidentiary hearing unnecessary and dismisses Mr. Diaz's habeas petition.

**I.  BACKGROUND**

Mr. Diaz was charged in Spokane County Superior Court with one count of attempted first-degree child molestation ("Count One") and one count of second-degree child molestation ("Count Two"). With the assistance of Mr. Diaz's counsel, Mr. Douglas Boe, a Plea Agreement was reached between Mr. Diaz and the State of Washington ("the State").  Mr. Diaz agreed to plead guilty to both counts on August 7, 2001. The State did not object to Mr. Diaz's placement in Special Sexual Offender Sentencing Alternative

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 1

("SSOSA") and agreed to recommend a suspended sentence if Mr. Diaz was found eligible for SSOSA. The state court accepted Mr. Diaz's guilty plea, and Mr. Diaz was sentenced on September 12, 2001, to a 50.25 month suspended sentence of community custody and a three-year period of outpatient sexual offender treatment. (Ct. Rec. 14-1 at 7.)  On January 3, 2003, Mr. Diaz was arrested for a violation of his conditions of community custody. (Ct. Rec. 14-2 at 22.) Accordingly, Mr. Diaz was sentenced to serve time in the Airway Heights Correction Center, where he subsequently earned an early release date of August 1, 2005. (Ct. Rec. 14-3 at 1.)

Mr. Diaz filed a motion on August 6, 2002, to vacate judgment and withdraw his guilty plea with Spokane County Superior Court. (Ct. Rec. 14-5.) On February 7 and 12, 2003, the Spokane County Superior Court conducted an evidentiary hearing regarding Mr. Diaz's motion. On February 27, 2003, the Honorable Neal Rielly of the Spokane County Superior Court denied Mr. Diaz's motion to withdraw his guilty plea. (Ct. Rec. 14-8.) Mr. Diaz appealed Judge Rielly's ruling to the Washington Court of Appeals.(Ct. Rec. 14-9.) The Court of Appeals affirmed the Judge Rielly's denial of Mr. Diaz's motion. (Ct. Rec. 14-10.)  Mr. Diaz filed a petition for review with the Washington State Supreme Court, (Ct. Rec. 14-11), and on January 4, 2005, the Washington State Supreme Court denied Mr. Diaz's petition. (Ct. Rec 14-12.) Thereafter, the Washington State Court of Appeals issued a mandate on January 21, 2005. (Ct. Rec. 14-13.)

## II.  MOTION UNDER § 2254

Mr. Diaz's petition for habeas corpus seeks relief on two grounds. First, Mr. Diaz contends his plea was involuntary because: (1) he did not

understand his legal rights and (2) the nature of the charges against him were not adequately explained to him. Second, Mr. Diaz alleges he suffered from ineffective assistance of counsel because his lawyer did not: (1) explain Mr. Diaz's legal rights to him, (2) explain the charges Mr. Diaz plead guilty to, and (3) make any effort to prepare or present a defense based on the accidental nature of the molestation. The State opposes Mr. Diaz's petition in its entirety.

**A. EXHAUSTION OF STATE COURT REMEDIES**

A person in custody pursuant to a state court judgment can request a federal court to determine if his or her custody is in violation of the United States Constitution pursuant to 28 U.S.C. § 2254. However, federal habeas relief is available to state prisoners only after they have exhausted their claims in state court, allowing state courts the opportunity to correct alleged violations of the prisoners' federal rights. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). The state appeal filed by Mr. Diaz presented constitutional issues regarding an involuntary guilty plea and ineffective assistance of counsel. (Ct. Rec. 14-9.) Accordingly, Mr. Diaz exhausted his state remedy by filing his petition for review with the Washington State Supreme Court.

**B. EVIDENTIARY HEARING**

In the Ninth Circuit, an evidentiary hearing will only be granted if a factual basis does not exist in the record to support the petitioner's claim. *Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005). If a factual basis does not exist in state court, this Court must determine whether the petitioner failed to adequately develop the

factual basis of his or her claim in state court. *Id.* If so, an evidentiary hearing shall only be granted if the petitioner's claim relies on a new rule of constitutional law or newly discovered factual predicate. 28 U.S.C. § 2254 (e)(2) (1996).

If the petitioner has not failed to develop the factual basis in state court, this Court must then consider whether a hearing is warranted under one of the six *Townsend* factors.[1] *Townsend v. Sain*, 372 U.S. 293 (1963); *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir.1999). Assuming one of the *Townsend* factors applies, an evidentiary hearing shall be conducted if the petitioner's allegations, if proved, would entitle him to relief. *Turner v. Marshall*, 63 F.3d 807, 815 (9th Cir. 1995).

Upon review, the Court finds a factual basis exists in the record to support Mr. Diaz's claims. The state trial court conducted a full evidentiary hearing regarding Mr. Diaz's claims and made findings of fact regarding both claims. Accordingly, an evidentiary hearing is not required under either 28 § U.S.C. 2254(e) or *Townsend* and the issues can be resolved by reference to the state court record.

## C.  APPLICABLE LAW

In assessing the merits of Mr. Diaz's claim, the Court must begin its analysis mindful that this is a habeas corpus proceeding and not a direct review of a criminal conviction. Mr. Diaz already had the

---

[1] Under *Townsend*, a petitioner is only entitled to an evidentiary hearing if: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. *Townsend*, 372 U.S. at 313.

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 4

opportunity to litigate his claims in the state courts. Washington's highest court upheld his guilty plea. Different principles apply on collateral review. As the Supreme Court reminded:

> Direct review is the principal avenue for challenging a conviction. 'When the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence. The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials.'

*Swan v. Peterson*, 6 F.3d 1373, 1378 (9th Cir. 1993) (quoting *Brecht v. Abrhamson*, 113 S.Ct. 1710, 1719 (1993)).

When Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), it became more difficult for prisoners to receive collateral review as AEDEPA imposed a more refined approach to considering such a petition. Under 28 U.S.C. § 2254(d)(1), this Court may reverse a decision of the state court denying relief only if that decision,

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2) (West Supp. 2000). The statute establishes a highly deferential standard for reviewing state court rulings requiring that the state court decisions be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19 (2002) (*per curium*).

A state court acts contrary to clearly established federal law if it applies a legal rule that contradicts a prior Supreme Court holding

or if it reaches a different result from a Supreme Court case despite confronting indistinguishable facts. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000). Clearly established federal law refers to Supreme Court holdings (as opposed to dicta) as of the time of the relevant state court decision. *Williams*, 529 U.S. at 412. Ninth Circuit law may assist a court in determining what Supreme Court law is clearly established. *Van Tran v. Lindsey*, 212 F.3d 1143, 1153-54 (9th Cir. 2000). The Supreme Court need not have addressed the identical factual issue, but it must have clearly determined the law. *Houston v. Roe*, 177 F.3d 901, 906 (9th Cir. 1999).

In explaining what constitutes an "unreasonable application" of clearly established federal law, the Supreme Court held that "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). An erroneous application of clearly established federal law is not sufficient to grant the petition. *Id.* at 75-76. Rather, in order for the writ to issue, the state court's application of clearly established federal law "must [have been] objectively unreasonable."[2] *Id.* at 76.

---

[2]While "[t]he term 'unreasonable' is no doubt difficult to define," the Court has explained that "it is a common term in the legal world and, accordingly, federal judges are familiar with its meaning." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). In determining whether an application of federal law is objectively unreasonable, courts may need to engage in an "intensive fact-bound inquiry highly dependent upon the particular circumstances of a given case." *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). "Although only Supreme Court law is binding on the states, our Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

A court may also grant a habeas petition if the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). In effect, this means that the state court was wrong and the petitioner is correct. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). The court must presume the state court's determinations of fact are correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). However, this presumption does not apply to the state court's resolution of mixed questions of law and fact. *Acosta-Huerta v. Estelle*, 7 F.3d 139, 142 (9th Cir. 1992).

**D. INVOLUNTARY PLEA**

Mr. Diaz contends that his plea was involuntary because he did not understand his legal rights and his legal rights and the nature of the charges against him were not adequately explained to him. Mr. Diaz claims he suffers from a disability that affects his auditory perception, which precluded him from understanding the plea agreement.

During the change of plea hearing, the state trial judge asked Mr. Diaz if he had read the plea agreement. (Ct. Rec. 14-14 at 3.) Mr. Boe responded that he read the plea to Mr. Diaz, but Mr. Diaz claims he was never read the entire plea. (Ct. Rec. 14-14 at 4 & 14-6 at 66 & 83.) The judge later asked Mr. Diaz if he understood his legal rights, and Mr. Diaz said he did not. (Ct. Rec. 14-14.) At that point, the judge ordered a recess and required Mr. Boe to explain Mr. Diaz's legal rights to him. (Ct. Rec. 14-14 at 5-6.) Mr. Diaz claims his legal rights were never

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 7

discussed and Mr. Boe told him if he told the judge he did not understand his rights, the plea would not be accepted. (Ct. Rec. 14-6 at 89.)

In addition,  Mr. Diaz claims he did not understand he was pleading guilty to molestation of two different individuals. Mr. Diaz pled guilty to Count One involving individual B (name withheld), and to Count Two involving individual A (name withheld). (Ct. Rec. 14-15 at 7.) Although the plea agreement contains a statement in Mr. Diaz's own words that he molested both individuals, (Ct. Rec. 14-15 at 7), Mr. Diaz claims Mr. Boe wrote that section, and did not explain it to him. As such, Mr. Diaz contends he only understood he was pleading guilty to charges regarding individual A.  Finally, Mr. Diaz argues he did not know an element of the charged offenses was intentional touching.  Mr. Boe testified that he discussed the elements of the crimes with Mr. Diaz. (Ct. Rec. 14-7 at 207 & 215 & Ct. Rec. 18-2 at 4.)

A guilty plea is valid and does not violate due process if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. A.L. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  For a plea to be deemed voluntary and intelligent, the defendant must fully understand the consequences of his plea and the nature of the charges he faces. *Henderson v. Morgan*, 426 U.S. 637, 644-45.  The determination of voluntariness is conducted by considering all of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970).

A strong presumption of truthfulness is granted to the determination of voluntariness made by the judge accepting the plea. *Blackledge v.*

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 8

*Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Mims,* 928 F.2d 310, 313 (9th Cir. 1991). The judge accepting Mr. Diaz's plea found Mr. Diaz offered his plea "knowingly, intelligently, and voluntarily." Further, the judge stated it was clear that "you [Mr. Diaz] understand what you're charged with, you understand what the state would have to prove on each one of these counts." In addition, the court found Mr. Diaz to "understand the consequences of pleading guilty." (Ct. Rec. 14-14 at 16.)

Upon Mr. Diaz's motion to withdraw his plea, the trial court held an evidentiary hearing to evaluate the voluntariness of the plea and the effectiveness of Mr. Diaz's counsel. During the hearing, Mr. Diaz testified along with his family, Mr. Boe, and expert witnesses who discussed Mr. Diaz's auditory disability. The trial court found, in consideration of all the evidence, that:

> I continue to think he understood his rights, and I think he clearly understood what he was charged with when he plead, including the charges against individual [B], not just the charges against the other child, individual [A]. Based on the evidence,. . . I'm further satisfied that the defendant did make an intelligent and voluntary plea to both counts, and I'm satisfied he understood his rights.

(Ct. Rec. 14-7 at 284-285.) The court denied Mr. Diaz's motion and entered the following factual findings:

> 1. That the defendant's testimony was not credible as to his inability to understand his rights, the nature and contents of the charges or the guilty plea;
> 2. That the defendant is extremely manipulative;
> 3. That the defendant had excellent representation by attorney Douglas Boe and therefore did not have ineffective assistance of counsel prior to or during the entry of the plea;
> 4. That the defendant did understand his rights and the charges when he entered his plea of guilty including the charges involved with CB as well as AB.

(Ct. Rec. 14-8 at 2.)

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 9

The determination of a factual issue made by a state court shall be presumed correct unless the petitioner shows the determination was incorrect by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Further, courts hearing habeas petitions are to give special deference to the state trial court's determination of credibility.[3] *Patton v. Yount*, 467 U.S. 1025, 1038 (1984); *Tolbert v. Page*, 182 F.3d 677, 685 (9th Cir. 1999). In cases where the state court refuses to grant an evidentiary hearing, this special deference is not required. *Nunes v. Mueller*, 350 F.3d 1045 (9th Cir. 2003).

Here, the state court conducted an evidentiary hearing in which Mr. Diaz testified. Therefore, this Court must defer to the state court's credibility findings so long as they are reasonable in light of the evidence presented in the state court proceedings. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Brown v. Poole*, 337 F.3d 1155, 1160 n.2 (9th Cir. 2003). As described below, the Court finds the state court's credibility and other factual findings to be reasonable.

**1.STATE COURT CREDIBILITY FINDINGS**

Mr. Diaz argues the findings made by the judge at the hearing on the motion to withdraw are irrelevant because the voluntariness of a plea must be determined only from the record at the time of the plea. However, the record of the plea hearing itself indicates Mr. Diaz's plea *was*

---

[3] Although the Supreme Court in *Marshall* held the ultimate determination of the voluntariness of a plea is a question of law, the Court distinguished questions of historical facts, and inferences drawn from those facts. *Hayes v. Kincheloe,* 784 F.2d 1434 (9th Cir. 1986)(citing *Marshall*, 459 U.S. at 431)). These historical facts are clearly subject to the presumption of correctness normally afforded state court findings. Factual issues include "basic, primary, or historical facts," such as external events and credibility determination. *Townsend v. Sain*, 372 U.S. 293, 309 n.6 (1963).

*intelligent and voluntary.* Mr. Diaz stated both orally and in writing he understood the consequences and nature of his plea. Only when considering Mr. Diaz's self-serving statements made after the plea do any questions about Mr. Diaz's understanding arise. Accordingly, Mr. Diaz's credibility is of paramount importance.

The trial court concluded Mr. Diaz lacked credibility after listening to his testimony and the testimony of several officials who interviewed Mr. Diaz. The reports filed by these individuals contained self incriminating statements by Mr. Diaz. Whenever Mr. Diaz was asked to confirm a statement that reflected poorly on his instant claims, Mr. Diaz testified he could not remember making that statement. Mr. Diaz was able to confirm statements and facts from long ago that supported his position. As such, the Court finds the state court's conclusion Mr. Diaz lacked credibility was not an unreasonable determination of fact.

### 2. SUPREME COURT PRECEDENT AND EVIDENTIARY HEARINGS

Mr. Diaz further argues the state court's adjudication of his motion to withdraw is clearly contrary to established federal law because the state court relied on the evidentiary hearing and not the original record to deem the plea voluntary. However, Judge Rielly, who presided over the evidentiary hearing, explicitly stated he "reviewed the file and the transcripts of . . . the guilty plea," (Ct. Rec. 14-7 at 283), before denying the petitioner's motion to withdraw. It follows that the state court's determination did depend on the original record of the plea hearing.

Furthermore, evidentiary hearings are proper tools to help determine the voluntariness of a plea. *See Wilkins v. Erickson*, 505 F.2d 761, 765

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 11

(9th Cir. 1974) (citing *McChesney v. Henderson*, 482 F.2d 1101, 1106 (5th Cir. 1973); *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (using findings from evidentiary hearing to determine voluntariness of Alford plea). Therefore, the state court's initial adjudication of Mr. Diaz's motion to withdraw his guilty plea and the subsequent appellate court decision adopting the trial court's findings are not clearly contrary to federal law.

### 3. MR. DIAZ'S UNDERSTANDING OF HIS LEGAL RIGHTS

A plea must be voluntary and intelligent because the accused waives three of his or her constitutional rights in a guilty plea: (1) the right to a trial by jury, (2) the right to confront accusers, (3) and privilege against self-incrimination. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

All three of these rights are listed in the plea signed by Mr. Diaz. (Ct. Rec. 14-15 at 1-2.) Mr. Boe stated in his affidavit that he explained every important paragraph of the plea to Mr. Diaz. (Ct. Rec. 18-2 at 4.)  During the plea hearing Mr. Diaz indicated he did not understand his legal rights, so the court recessed to allow Mr. Boe to help Mr. Diaz.  Mr. Boe testified he thought Mr. Diaz was frightened by the judge and "froze up and said he did not understand." (Ct. Rec. 18-2 at 4-5.)

Mr. Boe's affidavit states that during the recess, he asked Mr. Diaz if he "really didn't understand some portion or portions of the plea agreement," and Mr. Boe has "no recollection that Mr. Diaz had any questions at all or expressed any further misunderstanding during the recess." (Ct. Rec. 18-2 at 4-5.)  After the recess, Mr. Diaz told Judge Rielly he had a chance to review his rights with Mr. Boe and that he did

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 12

not have any questions regarding these rights. (Ct. Rec. 14-14 at 7.) Judge Rielly then told Mr. Diaz the guilty plea waived certain rights including Mr. Diaz's right to a trial. (Ct. Rec. 14-14 at 7.) Mr. Diaz acknowledged he understood that he was giving up his rights. (Ct. Rec. 14-14 at 7.)

The state court's determination that Mr. Diaz understood and voluntarily waived his rights is not an unreasonable application of the facts of this case to the clearly established Supreme Court precedent regarding guilty pleas. *See* 28 U.S.C. § 2254(d)(1). The Constitution does not require the defendant to have complete knowledge regarding the guilty plea, but permits a court to accept a guilty plea even though some "forms of misapprehension" might exist on the part of the defendant. *United States v. Ruiz*, 536 U.S. 622, 623 (2002) (*citing Brady v. United States*, 397 U.S. 742, 757 (1970)). Given that the record from the plea hearing demonstrates Mr. Diaz ultimately understood his legal rights, and the state court found Mr. Diaz to not be credible, thereby discounting Mr. Diaz's involuntary plea claim, there is sufficient factual support for the state court's determination that Mr. Diaz's plea was voluntary. Accordingly, the state court reasonably applied federal law to the facts, and Mr. Diaz is not entitled to habeas relief on this ground.

**4. MR. DIAZ'S UNDERSTANDING OF THE CHARGES**

For a guilty plea to be considered voluntary and intelligent, the defendant must fully understand the true nature of the charges he is facing. *Henderson v. Morgan*, 426 U.S. 637, 644-45 (1976); *Brady v. United States*, 397 U.S. 742, 755 (1970). Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 13

voluntary unless the defendant possess an understanding of the law in relation to the facts. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Although the record of the plea does not indicate that the judge explained Mr. Diaz was pleading to molestation against two separate individuals, the statement in the defendant's own words in the plea signed by Mr. Diaz indicated he molested both individual A and individual B. (Ct. Rec. 14-15 at 7.)

Mr. Diaz testified during the plea hearing that he understood the prosecutor would have to prove the elements of the charges of first degree child molestation and second degree child molestation to find Mr. Diaz guilty of both charges. (Ct. Rec. 14-14 at 4-5.) Mr. Diaz also stated during the plea hearing that he went over the charges with his attorney. (Ct. Rec. 14-14 at 4-5.) Mr. Boe testified he read over the signed plea "very carefully" with Mr. Diaz regarding the charges against each of the two victims. (Ct. Rec. 14-7 at 215.) Mr. Boe also stated it was his practice not to have any information in the statement in the defendant's own words that his "client hasn't expressly approved." (Ct. Rec. 14-7 at 216.) Finally, Mr. Boe stated in his affidavit that Mr. Diaz was "fully aware" that Count One corresponded to individual B, and Count Two corresponded to individual A. (Ct. Rec. 18-2 at 3.) Given the foregoing, the Court concludes the state court did not unreasonably find the fact that Mr. Diaz understood he was pleading to counts against both individuals. Further, the state court reasonably applied the law to facts when it found Mr. Diaz understood the nature of the charges and thus voluntarily pled to the molestation of both individuals.

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 14

Next, Mr. Diaz claims he did not understand the elements of molestation.[4] The record, through the plea agreement, the notes of Detective Howard, the testimony of Ms. Hinze, and the testimony of Mr. Boe, indicates Mr. Diaz knew and understood molestation includes the elements of intentional contact done for the purpose of sexual gratification. The statement of reasons in the guilty plea says "Defendant admits attempting to touch B for sexual gratification," and "Defendant admits touching A for sexual gratification." (Ct. Rec. 14-15 at 7.)

Mr. Diaz testified he told Detective Howard he had sinned against both A and B by touching them in inappropriate places. (Ct. Rec 14-6.) However, he told Detective Howard he did not intentionally touch B. (Ct. Rec. 14-6.) Mr. Diaz went to see Ms. Hinze, a mental health counselor and sex offender treatment provider, to obtain entrance into SSOSA. (Ct. Rec. 14-6&7). Mr. Diaz agreed with Ms. Hinze's assumption that he tried to make it look like the touching of B was unintentional, but actually attempted to touch B for his own sexual gratification. (Ct. Rec. 14-7.)

Mr. Boe states in his affidavit that his practice is open up a copy of the Revised Code of Washington with his clients and discuss each element. (Ct. Rec. 18-2 at 5.) Further, Mr. Boe remembers discussing whether a jury would find Mr. Diaz's actions against B sufficient to

---

[4]Under Washington law, a person is guilty of child molestation when: the person has . . . sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim. R.C.W. 9A.44.083. "Sexual contact" is defined as any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party. *Id.* 9A.44.010.

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 15

support a charge of attempted molestation. (Ct. Rec. 18-2 at 5.) Finally, the amended information to the guilty plea actually describes the elements of each count of molestation including the fact that Mr. Diaz *intended* to commit the crime of child molestation. (Ct Rec. 18-2 at 11.) The plea signed by Mr. Diaz states he received a copy of the amended information (Ct. Rec. 14-15 at 7).

In this case, the judge established on record that Mr. Diaz generally understood the elements of molestation. However, even in cases where a judge fails to ensure the defendant understands the elements, the plea can be saved if the defendant learned of the elements of the crime from his attorney. *See Hayes v. Kincheloe*, 784 F.2d 1434, 1440 n.4 (9th Cir. 1986). In this case, the state trial judge asked Mr. Diaz if he understood the prosecution would be required to prove all of the elements, and he understood "what the State would have to prove now to find you guilty of the charges." (Ct. Rec. 14-15 at 5.) Mr. Diaz's affirmative answer indicates he did understand all of the elements of molestation. Additionally, because Mr. Boe testified to discussing the elements of the crimes with Mr. Diaz, and Mr. Boe's notes indicate Mr. Diaz agreed the touching was intentional, the Court finds the state court did not misapply the law to the facts. As such, the state court's adjudication is not clearly contrary to established Supreme Court precedent, and the record supports the state court's factual determinations. Thus, Mr. Diaz's petition for habeus relief cannot succeed on this ground.

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 16

**E. INEFFECTIVE ASSISTANCE OF COUNSEL**

Mr. Diaz argues Mr. Boe's performance was ineffective because Mr. Boe did not: (1) explain Mr. Diaz's rights as ordered during the recess at the plea hearing, (2) explain the charges Mr. Diaz pled guilty to, and (3) did not make any effort to prepare a defense even though Mr. Diaz told Mr. Boe the contact was unintentional.

The right to effective assistance of counsel in criminal proceedings is bestowed by the Sixth Amendment.  This right is violated when (1) counsel's performance fell below an objective standard of reasonableness and (2) the defendant was prejudiced by such deficiency.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. A.L. Lockhart*, 474 U.S. 52, 59 (1985).  This is a high standard for the defendant as a court is to be highly deference to counsel's chosen performance. *Strickland*, 466 U.S. at 689.

An attorney's performance falls below the standard of objective reasonableness if the attorney's conduct reflect[s] a failure to exercise the skill, judgment or diligence of a reasonably competent attorney." *United States v. Vincent*, 758 F.2d 379, 381 (9th Cir. 1985).  In the guilty plea setting, counsel's advice must be "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

The state court of appeals cited the *Lockhart* case as the standard for ineffective assistance of counsel, but required the defendant to show "but for counsel's failure to adequately advise him, he would not have pleaded guilty." (Ct. Rec. 14-10 at 7.)  Under *Lockhart*, the defendant does not have to show that he certainly would have avoided the plea but for the counsel's failure; instead, the defendant only must show a reasonable probability of such avoidance.  *Lockhart*, 474 U.S. at 57-58. The court of appeals held it was "*unlikely* further investigation would have led counsel to change the recommendation as to the plea," (Ct. Rec 14-10 at 7.)(emphasis added).  Based on the court of appeal's use of the term unlikely and the omission of the reasonable probability standard, the Court finds it is uncertain whether the appellate court actually applied the *Lockhart* standard.

Even though the court of appeals' possible failure to apply the reasonable probability standard was probably just an oversight, using the wrong standard is sufficient to find the court acted contrary to established Supreme Court precedent. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005); *Franklin v. Johnson,* 290 F.3d 1223, 1233 n.4 (9th Cir. 2002). The state appellate court may have used a legal standard contrary to established Supreme Court precedent. Consequently, the Court is no longer bound by 28 U.S.C. § 2254(d)(1), and can review the state court's determination *de novo* with the correct legal standard. *See Cooper-Smith*, 397 F.3d at 1243.

**1. FAILURE TO EXPLAIN MR. DIAZ'S LEGAL RIGHTS DURING RECESS**

Mr. Diaz alleges Mr. Boe's failure to explain Mr. Diaz's rights to him during the recess is *per se* ineffective assistance of counsel. However, a petitioner's legal rights are not always easy to explain, for example, even learned federal judges misunderstand the exact meaning of "beyond a reasonable doubt." *United States v. Timbana*, 222 F.3d 688, 702 (9th Cir. 2000).

Mr. Boe says in his affidavit that he asked Mr. Diaz during the recess if he had any questions about his legal rights. (Ct. Rec. 18-2 at 4.)  Mr. Boe stated Mr. Diaz did not have any questions for Mr. Boe. (Ct. Rec. 18-2 at 4.)  Mr. Boe did not undertake a complete "*re*-explanation of all of his trial rights," (Ct. Rec. 18-2 at 4-5) (emphasis added), since Mr. Boe had already discussed Mr. Diaz's guilty plea with him "very carefully."  (Ct. Rec. 14-7 at 215.)  Mr. Diaz's legal rights were contained in the guilty plea signed by Mr. Diaz. (Ct. Rec. 14-15.)  Mr. Boe also testified there was no indication during his meetings with Mr. Diaz, prior to the plea, that Mr. Diaz did not understand his legal rights. (Ct. Rec. 14-7 at 217.)

The Court finds Mr. Boe's assistance to Mr. Diaz was within the range of a reasonably competent attorney in a criminal case because Mr. Boe testified: (1) to going over the plea containing Mr. Diaz's rights very carefully with Mr. Diaz, (2) that there was no indication Mr. Diaz did not understand his legal rights prior to the plea, and (3) to asking Mr. Diaz during the recess if he had any questions about his legal rights, Accordingly, Mr. Diaz's petition cannot succeed on this ground.

## 2. FAILURE TO EXPLAIN THE ELEMENTS OF THE CRIMES

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 19

Mr. Diaz alleges Mr. Boe provided ineffective assistance of counsel by failing to explain all of the elements of the offense with Mr. Diaz. However, Mr. Boe's testimony indicates Mr. Diaz admitted to the intentional touching of both A and B. (Ct. Rec. 14-7 at 224.)  In addition, Mr. Boe went over the statement that Mr. Diaz touched the girls "for sexual gratification" and the Revised Code of Washington with Mr. Diaz. (Ct. Recs. 14-7 at 224-225 & 18-2 at 4.) The state court credited Mr. Boe's testimony regarding a discussion of the elements of the offense. (Ct. Rec. 14-7 & 10.)  Based on the state court's credibility and factual determinations, the Court finds Mr. Boe's representation did not fall below the level of a reasonably competent attorney.

### 3. FAILURE TO CONDUCT AN INVESTIGATION

Mr. Diaz argues Mr. Boe should have conducted further investigation into Mr. Diaz's allegations that the contact was accidental in nature. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 690-91.  A decision not to investigate will be assessed for reasonableness under all of the circumstances granting strong deference to counsel's judgments. *Id.*  Additionally, the defendant's actions or statements may influence the reasonableness of counsel's actions. *Id.*  When counsel's failure to investigate is at issue, the relevant inquiry is whether "discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59.

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 20

In this case, Mr. Boe read the police report to Mr. Diaz including the statements by A and B. (Ct. Rec. 14-7 at 220.)  Mr. Boe testified that Mr. Diaz agreed with the reports. (Ct. Rec. 14-7 at 221.)  Mr. Boe also testified he has a practice of telling clients to interrupt him as he reads the police report and tell him if something was not true. (Ct. Rec. 14-7 at 207.)  Moreover, Mr. Boe stated that Mr. Diaz did not disagree with any allegations against B, or the intentional nature of such allegations. (Ct. Rec. 14-7 at 207-224.)

Although Mr. Diaz claims he did not agree with the allegations regarding B, the state court found Mr. Diaz lacked credibility. (Ct. Rec. 14-7 at 284.)  Mr. Diaz had already made a statement to police apologizing for sinning against both A and B. (Ct. Rec. 14-6 at 94.)  Further, Mr. Boe testified that Mr. Diaz's very favorable plea was at risk if further investigation was conducted. (Ct. Rec. 14-7 at 210.)  Mr. Boe stated that he and Mr. Diaz agreed SSOSSA would be the most favorable outcome. (Ct. Rec. 14-7 at 210.) Given Mr. Diaz's agreement with the police report and his earlier confession to the police, the Court finds Mr. Boe acted reasonably in deciding not to undertake any further investigation.  The Court further finds Mr. Boe's representation fell within the range of a reasonably competent criminal attorney. Accordingly, Mr. Diaz is not entitled to habeas relief on this ground.

**4. REASONABLE PROBABILITY OF A DIFFERENT OUTCOME**

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 21

Mr. Diaz has not presented any evidence there is a reasonable probability that a further explanation of his rights, the elements of the crime, or an investigation would have changed the outcome of the plea. Mr. Boe testified that Mr. Diaz wished to plead guilty both because it was extremely favorable and to avoid being charged with an additional unrelated count of molestation. (Ct. Rec. 14-7 at 210-214.)

This Court agrees with the state appellate court's determination that Mr. Diaz obtained a very favorable plea. (Ct. Rec. 14-11.) Given the weight of the evidence indicating Mr. Diaz intentionally touched the girls, this Court finds that an investigation or a further explanation of the elements of molestation would not have created a reasonable probability that Mr. Diaz would have changed his plea or that Mr. Boe would have changed his recommendation. Consequently, Mr. Diaz is not entitled to habeas relief on this ground.

For the Reasons Given Above, **IT IS HEREBY ORDERED:** Mr. Diaz's Petition For a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, **(Ct. Rec. 1),** is **DISMISSED WITH PREJUDICE.** Judgment is to be entered against Petitioner.

**IT IS SO ORDERED.** The District Court Executive is directed to

(A)  Enter this Order and Judgment;

(B)  Provide copies of the Order and Judgment to the following parties; and

ORDER DISMISSING 28 U.S.C. § 2254 PETITION - 22

       (1)   Petitioner, at the following address; and

              Joel Diaz Jr.
              Prisoner Number # 828952
              Airway Heights Corrections Center
              P. O. Box 2139 TA24U
              Airway Heights, WA 99001-2139

       (2)   Counsel

   (C)   **CLOSE THIS FILE**

   **DATED** this 6th  day of September, 2005.


                s/ Edward F. Shea
                 EDWARD F. SHEA
          United States District Judge


Q:\Civil\2005\0065habeus.wpd